UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____
                                                                                     X
THE NEW YORK TIMES COMPANY,                   :
                                                                                     :
                                          Plaintiff,                     :
                                                                                     :
                                                                                     :      **COMPLAINT**
                    - against -                                            :
                                                                                     :
INTERCLOUD SYSTEMS, INC.,                              :
                                                                                     :      Jury Trial Demand
                                                                                     :
                                          Defendant.                  :
                                                                                     :
_____X

Plaintiff THE NEW YORK TIMES COMPANY ("NYTCO"), by its undersigned attorney, alleges for its Complaint:

1. This is an action brought to obtain the return of funds unlawfully and knowingly converted by Defendant InterCloud Systems, Inc. from NYTCO. Defendant's Chief Financial Officer Timothy Larkin has admitted to NYTCO that Defendant has no right to the funds but Defendant continues to hold the funds unlawfully in violation of the criminal and civil laws of the State of New York.

## PARTIES

2. Plaintiff NYTCO is the publisher of The New York Times. It is headquartered in this judicial district at 620 Eighth Avenue, New York, New York.

3. Upon information and belief, Defendant is a Delaware corporation with its principal place of business a 1030 Broad Street, Suite 102, Shrewsbury, New Jersey.

4. Defendant conducts business in this judicial district as a vendor to NYTCO.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over the claims in this action pursuant to 28 U.S.C. § 1332.

6. Upon information and belief, venue is proper in this District pursuant to 28 U.S.C. § 1391.

7. Defendant is subject to the personal jurisdiction of this Court pursuant to C.P.L.R. § 302(a) because Defendant has committed a tortious act within this State or has committed a tortious act outside this State that has caused injury within this State.

## FACTS

8. Defendant is a vendor that provides services from time to time to the technology department of NYTCO.

9. On or about February 23, 2017, NYTCO transferred $329,874.58 to Defendant by electronic transfer.

10. The transfer was made in error. The money was actually owed to another vendor of NYTCO.

11. Defendant had no outstanding invoice requiring payment by NYTCO.

12. Upon learning of the mistake, NYTCO sent messages to Defendant's officers requesting that Defendant return to money.

13. Defendant's officers repeatedly ignored NYTCO's messages.

14. On May 5, 2017, NYTCO contacted Defendant's outside counsel at the New York office of Pryor Cashman seeking assistance in recouping the wrongfully converted funds.

15. Mr. Larkin, Defendant's CFO, then contacted NYTCO and admitted that his company had no legal basis for retaining the money. Mr. Larkin promised to return the funds promptly.

16. Instead, after more delay, Defendant returned only $165,000, half of the amount of the converted funds, even though it had no legal right to retain the remainder of the converted funds.

17. The remainder of the converted funds continues to be wrongfully held by Defendant.

18. Upon information and belief, Defendant has used the converted funds for its own purposes.

19. By its actions, Defendant has denied NYTCO the use and benefit of the converted funds, both before and after the partial return of the converted funds.

20. At the time of Defendant's wrongful conduct, it was experiencing financial difficulties. At the same time that it was converting NYTCO's funds, it was filing suit in Supreme Court, New York County, against its former auditors, alleging fraudulent inducement and blaming the auditors for the delisting of Defendant from NASDAQ.

21. In May 2017, Defendant disclosed that its revenue for the first quarter ended March 31, 2017 had declined 21%.

## CAUSES OF ACTION

### I.

### CONVERSION

22. NYTCO repeats, reiterates, and realleges each and every allegation set forth above with the same force and effect as if fully set forth here.

23. Defendant converted the funds of NYTCO to its own use.

24. Defendant knew at the time it accepted the transfer of the funds that it was not entitled to any funds from NYTCO and had no legal basis for possessing the funds.

25. Even after being put on notice of the erroneous transfer of funds, Defendant continued to hold the funds and benefit from the wrongful conversion of the funds and deprive NYTCO of the benefit of the funds.

26. Defendant exercised dominion and control over the funds and continues to exercise dominion and control over part of the funds.

27. By its actions, Defendant has denied NYTCO all use and benefit of the converted funds.

28. Defendant's wrongful conduct was willful, intentional, knowing, and undertaken in bad faith and in violation of New York State's criminal and civil laws.

29. Defendant's acceptance of the funds and refusal to return the funds constitutes conversion, and Defendant is liable to The Times for the amount of the funds wrongly converted and not refunded, plus interest.

## II.

## UNJUST ENRICHMENT

30. NYTCO repeats, reiterates, and realleges each and every allegation set forth above with the same force and effect as if fully set forth here.

31. Defendant accepted the transfer of funds from NYTCO.

32. Defendant had no right in law or equity to possess or retain the funds.

33. Defendant continues to hold part of the funds of NYTCO, despite having no basis for doing so in law or equity.

34. Defendant has enjoyed the benefit of the funds of NYTCO.

35. Defendant's retention of the funds of NYTCO constitutes unjust enrichment, and Plaintiff is liable to The Times for the amount of the funds wrongfully held, all financial benefit that Defendant enjoyed as a result of its wrongful actions, plus interest on the converted funds.

## REQUEST FOR RELIEF

WHEREFORE, NYTCO respectfully requests that this Court:

a. Issue an Order directing Defendant to refund all funds wrongfully converted from NYTCO, plus interest;

b. Award NYTCO all gains that Defendant received as a result of its use of the converted funds;

c. Award NYTCO punitive damages, including NYTCO's legal fees and costs; and

d. Grant NYTCO such other and further relief as this Court deems just and proper.

## JURY TRIAL DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby demands a trial by jury of all issues that are so triable.

Dated: New York, NY
June 9, 2017

_____/s/_____
David E. McCraw, Esq.
Legal Department
The New York Times Company
620 8th Avenue - 18th Floor
New York, NY 10018
phone: (212) 556-4031
fax: (212) 556-4634
e-mail: mccraw@nytimes.com
*Counsel for Plaintiff*